(No. 14951.—Judgment affirmed.)
THE PEOPLE ex rel. A. E. Woodward, Appellant, vs.
C. W. FALTZ et al. Appellees.

*Opinion filed December 19, 1922.*

1. SCHOOLS—*information to test validity of annexation proceedings should be against the district.* An information in *quo warranto* to test the validity of the annexation of certain territory to a community high school district should make the board of education of the district defendant as a corporation, and the information should charge the corporation with usurping authority over the territory in question and should not charge the individuals with usurping their several offices.

2. QUO WARRANTO—*when information should be against corporation and not its officers.* Where an existing corporation abuses any of its franchises or usurps franchises which do not belong to it the remedy is by *quo warranto* against the corporation as such and not against its officers.

APPEAL from the Circuit Court of DeKalb county; the Hon. F. J. STRANSKY, Judge, presiding.

CASSIUS POUST, State's Attorney, (HARRY C. LEWIS, and JOHN FAISSLER, of counsel,) for appellant.

L. B. OLMSTEAD, and C. A. DARNELL, for appellees.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Leave first being had, the State's attorney of DeKalb county filed an information in the nature of *quo warranto* in the circuit court of said county, which "gives the court here to understand and be informed that C. W. Faltz, H. G. Hupp, W. H. Wright and Alvin Warren, residents of the county of DeKalb and State of Illinois, and James Rumney, a resident of the town of Adams, in the county of LaSalle and State of Illinois, as community high school board of education of Community High School District

No. 408 of the counties of DeKalb and LaSalle, in the
State of Illinois, on the first day of July, 1921, and from
thence hitherto, had exercised without any warrant, right,
charter, grant or authority of law whatsoever, the gov-
ernmental functions and franchises of a legally and duly
elected, qualified, organized and authorized board of educa-
tion in levying taxes, and also exercising other powers and
authority under the statutes of Illinois in, upon and over
the inhabitants and property in the following described ter-
ritory, [describing fifteen sections of land,] being a part of
High School District No. 402.  The said H. G. Hupp act-
ing as president of said high school board of education
*  *  *  and the said C. W. Faltz, W. H. Wright, Alvin
Warren and James Rumney acting as members,  *  *  *
which said office and franchise over said territory  *  *  *
C. W. Faltz, H. G. Hupp, W. H. Wright, Alvin Warren
and James Rumney during all the time aforesaid, in the ter-
ritory aforesaid, and upon the said People, have usurped
and still do usurp and unlawfully hold and exercise wrong-
fully, to the damage and prejudice of the said People and
against the peace and dignity of the same."  The notice
served upon the defendants to the petition read as follows:
"To C. W. Faltz, H. G. Hupp, W. H. Wright, Alvin War-
ren and James Rumney—You are hereby notified that the
State's attorney  *  *  *  has filed in the office of the cir-
cuit clerk of DeKalb county, Illinois, a petition asking that
leave be granted to ·file an information in the nature of a
*quo warranto* against you and each of you, commanding
you to show by what warrant or authority you, and each
of you, have asumed to exercise the powers, privileges and
office as board of education and perform the acts and duties
devolving upon a board of education, and by what right,
warrant and authority you act as board of education over
the territory described as follows," etc.  The five mem-
bers of the board of education appeared individually and
filed a plea of justification, which they signed as individu-

als. The appellant filed replications "replying to the pleas of respondents." After a hearing a judgment was entered, the court finding and adjudging "that the respondents have not usurped, and do not now usurp, said offices as charged in the information, and that they are not guilty, as charged in the information, of usurping the said offices," and the information was thereupon quashed. From that judgment this appeal is prosecuted.

It is clear from the briefs filed that appellant does not challenge the legality of the organization of Community High School District No. 408 nor the regularity of the election of appellees as members of the board of education of the district. What appellant seeks to do is to show that certain proceedings by which it is claimed the lands in question were attached to said district were void, and that said lands are therefore not embraced within the boundary of the district and that the board of education of the district has no jurisdiction over said lands. We shall assume, therefore, as the parties have assumed in the trial court and in this court, that this is a proceeding to question the validity of the annexation proceedings. Treating the information as one to test the validity of the annexation proceedings, the "board of education of Community High School District No. 408, counties of DeKalb and LaSalle, and State of Illinois," as a corporation, should have been made the party defendant and not the individuals acting as the members of the board of education. When an existing corporation abuses any of its franchises or usurps franchises which do not belong to it, the remedy is by *quo warranto* against the corporation as such. (*People* v. *City of Peoria,* 166 Ill. 517; *People* v. *Nordmeyer, ante,* p. 289.) It is clear from reading this information that the individuals acting as members of the board of education are charged with usurping the several offices, and that the corporation, as such, is not charged with usurping authority over the territory in question.

There being no showing made that appellees were not regularly elected members of said board of education and were not properly exercising the privileges and powers of said offices, the circuit court properly discharged them, and its judgment is therefore affirmed.    *Judgment affirmed.*